NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF IMANAGEMENT SERVICES LTD., TO TAKE THE TESTIMONY OF THOMAS RENYI FOR USE IN AN ACTION PENDING IN THE MOSCOW COURT OF ARBITRATION IN MOSCOW, RUSSIA | : : : : : : : : : : | Civil Action No. 05-2311 (JAG)  OPINION |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the objection of Bank of New York ("BNY") to the Order entered by Magistrate Judge Haneke on July 19, 2005 (the "Magistrate's Order"), pursuant to FED. R. CIV. P. 72 and L. Civ. R. 72.1(c).[1] For the reasons stated below, this Court overrules BNY's objection to the Magistrate's Order.

## BACKGROUND

This dispute arises in the context of foreign litigation between the parties which began in April, 2005, when Imanagement Services, Ltd. ("Imanagement") commenced an action ("the Russian action") for fraud against BNY in the Moscow City Arbitrazh Court in Russia ("the Russian court"). In order to obtain discovery from non-party witnesses residing in the United States, and with the intention of using any discovery it obtained in the Russian action, Imanagement filed an Application for Discovery, pursuant to 28 U.S.C. § 1782(a), in this Court. Imanagement also filed applications for discovery regarding other witnesses in the United States

---

[1] In the alternative, should this Court determine that Judge Haneke ruled on a dispositive motion, BNY styled this as an appeal of the Magistrate's Order, pursuant to FED. R. CIV. P. 72(b).

District Court for the Southern District of New York ("SDNY")[2] and in the United States District Court for the Eastern District of New York ("EDNY").[3]  The application in this Court sought documents and deposition testimony from Thomas Renyi, BNY's Chairman and Chief Executive Officer.  This Court referred the matter to Magistrate Judge Haneke.  On July 19, 2005, Magistrate Judge Haneke issued the Order granting the application.  BNY moved for a stay of the Order, pending appeal, which Judge Haneke granted on August 2, 2005.  BNY has objected only to the part of the Order regarding Renyi's deposition.

## LEGAL STANDARDS

**A.    Standard of Review**

A Magistrate Judge's recommended disposition of a non-dispositive motion is subject to review under a clearly erroneous or contrary to law standard.  28 U.S.C. § 636(b)(1)(A).  A Magistrate Judge's recommended disposition of a dispositive motion is subject to de novo review.  See FED. R. CIV. P. 72(b); In re U.S. Healthcare, 159 F.3d 142, 145-46 (3d Cir. 1998).

**B.    The Requirements of 28 U.S.C. § 1782**

"A request for discovery under § 1782 presents two inquiries: first, whether the district court is authorized to grant the request; and second, if so, whether the district court should exercise its discretion to do so."  In re Grupo Qumma, S.A., 2005 U.S. Dist. LEXIS 6898 at *2 (S.D.N.Y. April 22, 2005); Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264

---

[2] On July 12, 2005, Judge Stein issued an order allowing Imanagment to seek production of documents and granting BNY's motion for a protective order, which prohibited Imanagement from taking the testimony of the witnesses Imanagement sought to depose.

[3] On August 16, 2005, Judge Block issued an Order permitting Imanagement to obtain documentary and testimonial evidence from three witnesses.

(2004).

## DISCUSSION

As a threshold matter, the parties dispute whether the application submitted to Judge Haneke should be classified as dispositive or non-dispositive. The only significance of this determination to the matter presently before this Court is the standard of review of the magistrate judge's ruling. If the application is dispositive, Judge Haneke's ruling is subject to de novo review; if non-dispositive, the ruling is subject to review under the clearly erroneous or contrary to law standard. Although pretrial discovery questions are generally considered non-dispositive, Thomas E. Hoar, Inc. v. Sara Lee Corp., 900 F.2d 522 (2d Cir. 1990), Jackson v. Chubb Corp., 45 Fed. Appx. 163, 166 (3d Cir. 2002), because this Court finds Judge Haneke's decision to be correct under either standard, this threshold matter need not be decided.

Judge Haneke's Order briefly explained his decision with this statement: "the Witness, a resident of this judicial district has knowledge of facts material to the prosecution of the Russian Action, and . . . justice will be served by the taking of the testimony of the Witness for use in such action . . . ." Although the Order does not set forth a detailed analysis of the requirements of 28 U.S.C. § 1782, Judge Haneke's decision correctly applied the law to the matter before him.

**A.      Statutory Requirements of 28 U.S.C. § 1782**

Under 28 U.S.C. § 1782, a district court may order a person to give testimony or produce documents if three requirements are satisfied: (1) the person must reside (or be found) in the district in which the application is made; (2) the discovery must be "for use" in a proceeding before a foreign tribunal; and (3) the application may be made by a foreign or international tribunal or "any interested person." 28 U.S.C. § 1782(a); In re Bayer AG, 146 F.3d 188, 193 (3d

3

Cir. 1998). The parties do not dispute that the first and third elements are met.

BNY contends that Imanagement cannot satisfy the second element, arguing that the Russian Court has ruled that the discovery requested cannot be used in the Russian Action. This argument is unpersuasive for several reasons. First, the evidence BNY offers in support is ambiguous at best. In its brief, BNY points only to the declaration of its attorney in Russia, Vladimir Khvalei. (Second Decl. of Vladimir Khvalei Ex. A.) The Khvalei declaration points to an unofficial and alleged translation of a Russian court's decision refusing an adjournment motion, which states: "in light of the judicial proceedings principle prescribing direct examination, witnesses give their testimony directly to the court, which is why no transcript of witness testimony obtained without a corresponding judicial commission may serve as due evidence in arbitrazh proceedings." Id. Even if this translation is completely accurate, it is far from clear what it means. It does not persuade that Imanagement's requested discovery could never be used in the Russian Action. As will be discussed below, courts are not to speculate about foreign law to rule on requests under § 1782.

In addition, BNY's argument as to the second element cannot succeed because it relies on an impossible interpretation of "for use," as used in 28 U.S.C. § 1782(a). BNY argues, in effect, that this Court must figure out a Russian court's discovery decisions in advance of its making them. The Third Circuit has clearly stated that, in making § 1782 determinations, "a district court is not to predict the admissibility of discovered evidence in foreign tribunals." John Deere, Ltd. v. Sperry Corp., 754 F.2d 132, 137 (3d Cir. 1985). Moreover, setting aside the implied need for prophecy, BNY does not even argue that Congress intended that district courts analyze the laws of foreign states when making 28 U.S.C. § 1782(a) determinations. Clearly, BNY's

interpretation places an onerous burden on United States courts.

Moreover, this position is inconsistent with the guidance of the Supreme Court in Intel. 542 U.S. at 262.  In Intel, the Court stated that § 1782(a) determinations should not be restricted by foreign discovery rules.  Id. at 260.  Rather, the Supreme Court's analysis supports the proposition that United States courts should have the discretion to offer discovery assistance to foreign tribunals independent of the laws of the foreign state.  The Court warned against interpreting § 1782 so as to require United States courts to analyze foreign legal rules and systems: "comparison of systems is slippery business."  Id. at 263.  BNY's position would both draw this Court into a difficult investigation of a foreign legal system and bind it with the restrictions of foreign discovery rules.

In contrast, Imanagement's construction of the "for use" requirement is far more reasonable: it is sufficient that the applicant intend to offer the evidence to a foreign court. Whether the foreign court will ultimately accept the evidence is beyond this Court's ability to determine.  Judge Chin of the Southern District of New York subscribed to this interpretation in Grupo Qumma.  2005 U.S. Dist. LEXIS 6898 at *2.  This interpretation is also consistent with Judge Stein's analysis of "for use" in his opinion.[4]  (O'Donnell Cert. Ex. K at 9-10.)

Finally, BNY's approach to interpretation of § 1782 is inconsistent with the understanding of the legislation explained by the Third Circuit in Deere: "28 U.S.C. § 1782 reflects a determination on the part of Congress to broaden the scope of international judicial

---

[4]In ruling on the application before the SDNY, Judge Stein held that the statutory requirements of § 1782 had been met.  (O'Donnell Cert. Ex. K at 8.)  It was in deciding whether to exercise his discretion under the statute that Judge Stein concluded that the Russian court would not be receptive to the deposition testimony requested, and Judge Stein weighed this factor heavily in his analysis of the Intel factors.  Id. at 12.

assistance afforded by the federal courts." 754 F.2d at 135. In Deere, the Third Circuit, citing "[t]he liberal intent [of Congress] to provide judicial assistance," reversed the district court's denial of discovery, which was based, in part, on the prediction that the evidence would not be admissible in a foreign court. Id. This Third Circuit guidance counsels an interpretation of § 1782 that broadly enables United States courts to provide judicial assistance to foreign tribunals, as Imanagement's does.

**B.      The Court's Exercise of Discretion**

Under 28 U.S.C. § 1782(a), if the statutory requirements are met, a district court "may" grant the application. The decision to grant the application is at the Court's discretion. Intel, 542 U.S. at 264. In Intel, the Supreme Court considered four factors in making the determination to exercise such discretion under 28 U.S.C. § 1782(a): (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal court assistance; (3) whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or policies; and (4) whether the request is unduly intrusive or burdensome. Id.

The first Intel factor favors Imanagement. BNY has not argued that Thomas Renyi is a participant in the Russian Action and that obtaining his testimony in the United States is therefore unnecessary. In Intel, the Court explained that "nonparticipants in a foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence their evidence . . . may be unobtainable absent § 1782(a) aid." Id. Thomas Renyi is the Chairman and Chief Executive Officer of BNY. The assistance of § 1782(a) may be especially necessary since, as a non-

6

participant in the Russian Action, Mr. Renyi may be outside the reach of the Russian court's jurisdiction, and discovery from him may be unobtainable without the assistance of § 1782(a).

The second <u>Intel</u> factor also weighs in Imanagement's favor.[5] The parties do not dispute the nature of the Russian Action or the character of the suit. BNY argues, however, that the Russian court will not be receptive to U.S. federal judicial assistance. As discussed above, this Court declines to step down the slippery slope of speculation about Russian evidence law. Courts have determined that the receptivity of a foreign court to U.S. federal judicial assistance may be inferred from the existence of treaties that facilitate cooperation between the U.S. federal judiciary and the foreign jurisdiction. <u>See</u> <u>In re Servicio Pan Americano de Proteccion</u>, 354 F. Supp. 2d 269, 274 (S.D.N.Y 2004). When analyzing this consideration, courts have determined that there was a lack of receptivity only by affirmative evidence, such as evidence showing that the foreign jurisdiction rejected outright federal judicial assistance from the United States. <u>Advanced Micro Devices v. Intel Corporation</u>, 2004 U.S. Dist. LEXIS 21437 at *6 (N.D.Cal. October 1, 2004) (through amicus briefs, the European Commission explained that it "[did] not need or want" U.S. court aid in obtaining Intel's documents); <u>Schmitz v. Bernstein Liebhard & Lifshitz, LLP</u>, 376 F.3d 79, 84 (2d Cir. 2004) (the court "was faced with specific requests from the German Ministry of Justice and the Bonn Prosecutor to deny petitioners the discovery they sought . . . ."); <u>Euromepa, S.A. v. R. Esmerian, Inc.</u>, 51 F.3d 1095, 1100 (2d Cir. 1995) ("[A] district court's inquiry into the discoverability of requested materials should consider only

---

[5]BNY contends that the orders of the Russian court and of Judge Stein have collateral estoppel effect as to the issue of whether the Russian court would accept Mr. Renyi's testimony. Even if this Court agreed that collateral estoppel applied, which it does not, issue preclusion applicable to one factor out of four does not determine the outcome of the <u>Intel</u> analysis.

authoritative proof that a foreign tribunal would reject evidence obtained with the aid of section 1782.").

Russia and the United States are parties to the Hague Evidence Convention, which governs the taking of evidence outside a country's borders for proceedings within that country. (Decl. of Vladimir Yarkov ¶ 5.) The existence of this cooperative treaty supports a finding that the Russian court may be receptive to the evidence. As discussed above, BNY has offered only ambiguous evidence that the Russian court will not accept the testimony Imanagement seeks. BNY has not persuaded that the Russian court will not be receptive to this Court's judicial assistance.

Analyzing the third Intel factor, BNY does not persuade that Imanagement's application conceals an attempt to circumvent Russian proof-gathering restrictions. BNY here merely repeats its argument, rejected above, that this Court should be restricted by BNY's understanding of Russian law.

Finally, considering the fourth Intel factor, Imanagement's request is neither unduly intrusive nor burdensome.

BNY further objects on the ground that Renyi is an "apex" employee. BNY presents no legal authority for this argument. Neither of the two cases it cites, Baine v. General Motors Corp., 141 F.R.D. 332 (D. Ala. 1991), and Evans v. Allstate Ins. Co., 216 F.R.D. 515, 519 (D. Okla. 2003), involved 28 U.S.C. § 1782.

This Court determines that Imanagement's application meets the statutory requirements of 28 U.S.C. § 1782(a), and that analysis of the Intel factors weighs in favor of the exercise of discretion in granting Imanagement's request. The Magistrate's Order correctly applied the

8

relevant law; it was neither clearly erroneous nor contrary to law.

## **CONCLUSION**

For the reasons stated above, BNY's objection to Judge Haneke's Order of July 19, 2005 is overruled.  BNY is required to produce its Chairman and Chief Executive Officer, Thomas Renyi, for deposition, and turn over whatever documents the Magistrate Judge had required.

 S/Joseph A. Greenaway, Jr.
JOSEPH A. GREENAWAY, JR., U.S.D.J.

Dated: February 28, 2006